UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY SMITH,

        Petitioner,

v.                                    Case Number 06-14174
                                      Honorable David M. Lawson

ANDREW JACKSON and
DONALD GOUVEIA,

        Respondents.

_____/

## ORDER DISMISSING WITHOUT PREJUDICE
## PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Mark Anthony Smith, presently confined at Mound Correctional Facility in Detroit, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. The respondents are the warden and the records supervisor at Mound Correctional Facility. The petitioner is not challenging the convictions for which he is incarcerated or the sentence that he is serving. Rather, he alleges that he is incarcerated in violation of his constitutional rights to due process and equal protection of the law and his right not to be punished twice for the same offense because of the manner in which state prison officials have calculated the execution of his prison sentence. The Court finds that the petitioner has failed to exhaust an available state remedy for his claims; the petition, therefore, will be dismissed without prejudice.

I.

The petitioner alleges that, on March 13, 1995, he was sentenced to imprisonment for thirty to forty-eight months. This sentence apparently is running consecutively to a sentence for an earlier offense. To complicate matters, the petitioner received a misconduct ticket in December of 1996.

He was found guilty of major misconduct and forfeited six months of disciplinary credits. However, after he successfully appealed the misconduct proceedings, the six months of disciplinary credits were restored to him, and his disciplinary ticket was expunged.

Although the petitioner alleges that the Michigan Parole Board refused to adjust his parole release date to reflect the restoration of disciplinary credits, the petitioner complains that it is the respondents who have miscalculated his sentence and are punishing him twice for the same offense. He asserts that the respondents added his maximum term of four years to his previous maximum sentence without awarding him credit for time served on his minimum sentence. He seeks immediate release from prison.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1)(A) and 2254(c); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A Michigan petitioner must present each ground for relief to both Michigan appellate courts. *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Exhaustion of state remedies provides the State with an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin*, 541 U.S. at 29 (internal quotation marks omitted). Even a state prisoner who files a habeas

petition under 28 U.S.C. § 2241 must exhaust state remedies. *Reaves v. Hofbauer*, 433 F. Supp. 2d 833, 834 (E.D. Mich. 2006) (citing *Anderson v. Haskins*, 407 F.2d 399, 400-401 (6th Cir. 1969)). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The petitioner alleges that he should not be required to exhaust state remedies because he cannot select intelligently the proper remedy and because circumstances render the process ineffective to protect his rights. The Court disagrees. The petitioner could file a state complaint for a writ of habeas corpus or an action for mandamus. *See* Mich. Ct. Rule 3.303 and 3.305. Both types of complaints may be brought first in the appropriate circuit court and then in the Michigan Court of Appeals. Mich. Ct. Rule 3.303(A), 3.305(A), and 7.203(C)(2) and (3).

Under Michigan law, a mandamus petition may be used to challenge the calculation of consecutive sentences. *See Lickfeldt v. Dep't of Corrs.*, 247 Mich. App. 299, 301-03, 636 N.W.2d 272, 273 (2001). The Michigan Court of Appeals will review for abuse of discretion a trial court's decision on a writ of mandamus. *Id.* at 302, 636 N.W.2d at 273.

Michigan law also confirms that "[t]he function of a writ of habeas corpus is to test the legality of the detention of any person restrained of his liberty." *Triplett v. Deputy Warden*, 142 Mich. App. 774, 780, 371 N.W.2d 862, 866 (1985). "[T]here is no limitation on the time in which a complaint for habeas corpus must be filed, as long as the prisoner will be in custody at the time judgment becomes effective." *Id.* at 779, 371 N.W.2d at 865. And although a circuit court's order denying a habeas corpus complaint is not appealable as of right, the prisoner may file an original complaint in the state court of appeals. *Id.* at 779-80, 371 N.W.2d at 866. An application for leave to appeal the court of appeals's decision may be filed in the Michigan Supreme Court. *See* Mich. Ct. R. 7.302(A)(2).

The petitioner in this case has taken none of these steps. This Court, therefore, may not entertain his claims.

### III.

The petitioner has failed to show that he exhausted the available state court remedies for his claims. Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is summarily **DISMISSED** without prejudice pursuant to Rule 1(a) and (b) and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 10, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 10, 2006.

s/Felicia M. Moses
FELICIA M. MOSES